UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES D. COMBS,

    Petitioner,

-vs-                                            Case No.   8:22-cv-971-WFJ-SPF

BOB GUALTIERI, SHERIFF,
PINELLAS COUNTY, *et al.*,

    Respondents.
_____/

## **ORDER**

    Mr. Combs, a Florida pretrial detainee, filed a *pro se* petition for the writ of habeas corpus (Doc. 1). According to the petition, Mr. Combs was arrested in August 2020, he posted bail, and his bail was revoked in March 2021, after he was arrested and charged with a separate offense. He contends his detainment is unconstitutional because the new charge against him was brought in bad faith, since officers and prosecutors knew he was innocent but made false allegations in the arrest affidavit to retaliate against him for allegedly shooting at a police officer. He further contends that the allegations against him do not amount to a crime in Florida. Finally, he contends this Court should address the state court's revocation of bail. As relief, he appears to request immediate release from detainment.

## Discussion

    As a state pretrial detainee, Mr. Combs may challenge his confinement as unconstitutional by petitioning for the writ of habeas corpus under 28 U.S.C. § 2241. *See*

*Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). This Court concludes, however, that the petition should be dismissed because Mr. Combs has not exhausted available state court remedies.

A federal district court may not grant a § 2241 petition "unless the petitioner has exhausted all available state remedies." *See Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (explaining that courts apply the exhaustion requirement to a state pretrial detainee's § 2241 petition). Mr. Combs has not exhausted all available state remedies before filing his petition in this Court. Although he filed a petition for the writ of habeas corpus in the state circuit court (see Doc. 1, docket p. 8), he filed neither an appeal of the circuit court's order striking his petition, nor a petition for the writ of habeas corpus in the appellate court challenging the circuit court's revocation of his bail.[1] *See Dollar v. State*, 909 So. 2d 399, 401 (Fla. 5th DCA 2005) ("A circuit court order denying a petition for writ of habeas corpus is reviewable in this court by direct appeal."); *Simeus v. Rambosk*, 100 So. 3d 2, 3

---

1 The Court takes judicial notice of information on: 1) the Pinellas County Clerk of Court's website, https://ccmspa.pinellascounty.org/PublicAccess/CaseDetail.aspx?CaseID=18958209, that reveals no appeal was taken from the circuit court's order striking Mr. Combs petition for the writ of habeas corpus in Case No. 22-000041-CI; and 2) the Florida Second District Court of Appeal's website, http://onlinedocketsdca.flcourts.org/SearchDCA/MySearchDCA, that reveals Mr. Combs has not filed a petition for the writ of habeas corpus in that court challenging the revocation of his bail.

(Fla. 2d DCA 2011) ("A petition for writ of habeas corpus is the proper vehicle to challenge an order of pretrial detention."); *Melnik v. State*, 87 So. 3d 1255 (Fla. 4th DCA 2012) (a petition for the writ of habeas corpus is "[t]he proper vehicle" to challenge a "circuit court's order denying bond.").

Accordingly:

1. The petition (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust state remedies.

2. Mr. Combs is **DENIED** a certificate of appealability ("COA") because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Mr. Combs is not entitled to a COA, he may not appeal *in forma pauperis*.

3. The **Clerk** must close this case.

**ORDERED** at Tampa, Florida, on May 3, 2022.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　WILLIAM F. JUNG
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copy to: Charles D. Combs, Jr., *pro se*